UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARR INDEMNITY & LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ROSS ISLAND SAND & GRAVEL CO.,<br><br>Defendant. | No. 2:24-cv-03680-DAD-CKD<br><br><br>ORDER |

On December 23, 2024, Plaintiff Starr Indemnity & Liability Insurance Company ("Starr Indemnity") filed a complaint against defendant Ross Island Sand & Gravel Co ("Ross Island") for enforcement of a Settlement Agreement. (ECF No. 1.) Plaintiff alleges that defendant has breached the Settlement Agreement by failing to make payments in accordance with the agreed upon payment schedule. (ECF No. 1 at ¶¶ 7-10.) On March 21, 2025, plaintiff filed a motion for default judgment. (ECF No. 11)

In the Settlement Agreement, there is a section titled "Notice of Default and Opportunity to Cure," which states:

> In the event that ROSS ISLAND fails to timely make any payment due and owing under this Agreement, STARR shall not take any action to enforce the terms of this Agreement (including filing or presentation of the Stipulated Judgment) unless and until STARR has (a) provided **written and email** notice of the alleged default

1

>   to ROSS ISLAND as provided in **Section 10**; and (b) provided ROSS ISLAND a cure period of no less than 14 days beginning the day after the delivery notice.

(Settlement Agreement at § D.4 (ECF No. 1-1) (emphasis added).)

"Section 10" titled "Notices" states:

>   All notices, demands, requests, and communications given or required to be given under this Agreement shall be in writing, and shall be delivered by First Class Certified and Return Receipt Requested Mail, Express Mail, or any combination of the foregoing, and shall be given as follows with a courtesy copy delivered by electronic mail" to: plaintiff, counsel for plaintiff, defendant, and counsel for defendant.

(*Id.* at § D.10.)

It is not apparent that plaintiff has complied with the "written" notice requirement as provided in sections 4 and 10 of the Settlement Agreement. According to section 4, written notice of defendant's alleged default is required before plaintiff can take action to enforce the terms of the Settlement Agreement. (Settlement Agreement at § D.4.) In plaintiff's complaint, it states that "Starr provided written notice to Ross Island of its default on April 25, 2024." (ECF No. 1 at ¶ 10.) However, Brian Kenney's (Marine Subrogation Manager for Starr Adjustment Services) declaration attached to plaintiff's motion for default indicates that defendant was notified of the default via email only. This declaration states that "[Brian Kenny] sent a notice of default **via email** to Randy Steed, Ross Island's President, on or about April 25, 2024, advising that pursuant to the Settlement Agreement, Ross Island had until May 31, 2024, to cure the default and remit payment . . . ." (ECF No. 11-5 at ¶ 7.) Plaintiff has also attached the email chain between Brian Kenney and Randy Steed. (ECF No. 11-7.) The initial email dated April 25, 2024, provides defendant until May 31, 2024, to cure the default. (*Id.* at 8-9.) The "written" notice sent on April 25, 2024, referenced in the complaint appears to be the email notice sent that day. (*Id.*) Plaintiff has not attached any documentation showing that any other written notice was sent to defendant. Plaintiff has not demonstrated that it provided defendant "written" notice of the default before filing this action as required by section 4 of the Settlement Agreement, or that this written notice was sent in accordance with section 10 of the Settlement Agreement.

////

## ORDER

For the reasons set forth above, it is HEREBY ORDERED that Plaintiff Starr Indemnity & Liability Insurance Company inform the Court within seven (7) days whether it has provided defendant Ross Island Sand & Gravel Co. with written notice of defendant's alleged default of payment pursuant to sections 4 and 10 of the parties' Settlement Agreement (ECF No. 1-1).

Dated: May 6, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, star.3680.24

3