UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARR INDEMNITY & LIABILITY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ROSS ISLAND SAND & GRAVEL CO.,<br><br>Defendant. | No. 2:24-cv-03680-DAD-CKD<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. Nos. 11, 18, 21) |

On December 23, 2024, plaintiff Starr Indemnity & Liability Insurance Company filed this civil action seeking enforcement of a settlement agreement reached in *Starr Indemnity & Liability Insurance Company v. Ross Island Sand & Gravel Co.*, No. 2:21-cv-00791-KJM-DB (E.D. Cal.) against defendant Ross Island Sand & Gravel Co. (Doc. No. 1.) On December 31, 2024, plaintiff filed proof of service by means of personal service. (Doc. No. 6.) Defendant failed to file its requisite responsive pleading by January 17, 2025. Accordingly, plaintiff requested entry of default on February 18, 2025. (Doc. No. 7.) On February 19, 2025, the Clerk of the Court entered default as to defendant because it was served with the summons and complaint and did not file a timely answer, responsive pleading, or otherwise appear in this action. (Doc. No. 8.) On March 21, 2025, plaintiff filed the pending motion for default

/////

1

1  judgment. (Doc. No. 11.) This matter was referred to a United States Magistrate Judge pursuant
2  to 28 U.S.C. § 636 and Local Rule 302.
3      On May 12, 2025, the assigned magistrate judge issued findings and recommendations
4  recommending that plaintiff's motion for default judgment be granted. (Doc. No. 18 at 12.)
5  Specifically, the magistrate judge concluded that the court has subject matter jurisdiction based
6  on diversity of citizenship pursuant to 28 U.S.C. § 1332 and had personal jurisdiction over
7  defendant because the underlying settlement agreement was negotiated and entered into following
8  a mediation conducted in this district. (*Id.* at 4–6.) The magistrate judge then evaluated the *Eitel*
9  factors and concluded that: (1) denial of the motion would leave plaintiff without further remedy
10 or recourse; (2) plaintiff has sufficiently stated a claim for breach of contract and that claim is
11 meritorious; (3) the award sought is reasonable because it was determined within the settlement
12 agreement; (4) there is no likelihood of a genuine issue of material fact existing; (5) defendant's
13 default lacks any indication of excusable neglect; and (6) that defendant's failure to appear
14 renders a judgment on the merits impossible. (*Id.* at 6–9.) As a result, the magistrate judge
15 concluded that consideration of the *Eitel* factors weigh in favor of granting the pending motion
16 for default judgment. (*Id.* at 10): *see also Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.
17 1986). The magistrate judge therefore recommended that the court issue an order entering
18 judgment in favor of plaintiff, awarding plaintiff $1,010,000 in damages pursuant to the
19 underlying settlement agreement, awarding plaintiff $39,077 in prejudgment interest, and
20 awarding plaintiff post-judgment interest pursuant to 28 U.S.C. § 1961. (*Id.* at 12.)
21     The pending findings and recommendations were served on the parties and contained
22 notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at
23 12.) To date, no objections to the findings and recommendations have been filed, and the time in
24 which to do so has since passed.
25     In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
26 *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the
27 findings and recommendations are supported by the record and by proper analysis.
28 /////

Accordingly,

1. Plaintiff's request that the court adopt the pending findings and recommendations (Doc. No. 21) is GRANTED and the findings and recommendations issued on May 12, 2025 (Doc. No. 18) are ADOPTED in full;

2. Plaintiff's motion for default judgment (Doc. No. 11) is GRANTED;

3. Default judgment is ENTERED in favor of plaintiff and against defendant Ross Island Sand & Gravel Co. in the amount of $1,049,077 ($1,010,000 in damages and $39,077 in prejudgment interest);

4. Plaintiff is AWARDED post-judgment interest accruing at the applicable rate pursuant to 28 U.S.C. § 1961 to begin accruing from the date of entry of judgment;

5. The initial scheduling conference currently set for September 22, 2025 is hereby VACATED; and

7. The Clerk of the Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: **September 15, 2025**

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3