UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STARR INDEMNITY & LIABILITY
INSURANCE COMPANY,

Plaintiff,

v.

ROSS ISLAND SAND & GRAVEL CO.,

Defendant.

No.  2:24-cv-03680-DAD-CKD

ORDER GRANTING MOTION TO
CORRECT CLERICAL MISTAKE

(Doc. No. 24)

This matter is before the court on plaintiff's motion to correct clerical mistake.  (Doc. No. 22.)  On April 30, 2026, the motion was taken under submission on the papers.  (Doc. No. 26.)  In that motion, plaintiff requests that the court order the Clerk of the Court to issue an amended judgment to correct the following three purported mistakes in the judgment entered on September 16, 2025:  (1) the original judgment did not contain a specific judgment amount; (2) the original judgment does not state that it is entered in favor of plaintiff and against defendant; and (3) the original judgment references the court's order granting plaintiff's motion for default judgment as being filed on September 15, 2025 rather than the correct date of September 16, 2025.  (Doc. No. 24 at 3.)  Plaintiff seeks relief pursuant to Federal Rule of Civil Procedure 60(a) to rectify these purported mistakes.  (*Id.* at 4.)

/////

1

Federal Rule of Civil Procedure 60(a) provides that the "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.  The court may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a).  "In sum, then, Rule 60(a) allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement." *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012) (internal quotation marks omitted).

The judgment entered in this case reads that judgment is "hereby entered in accordance with the court's order filed on 9/15/25." (Doc. No. 23 at 1.)  The order referenced is the court's order granting plaintiff's motion for default judgment, which states that "[d]efault judgment is ENTERED in favor of plaintiff and against defendant Ross Island Sand & Gravel Co. in the amount of $1,049,077" and directs the Clerk of Court to enter judgment.  (Doc. No. 22 at 3.)  However, that order, though signed by the court on September 15, 2025 (*id.*), was not filed on the docket until September 16, 2025.  (*Id.*)  The court therefore finds it arguably proper, in order to facilitate enforcement of the judgment, to grant relief under Rule 60(a) and to modify the judgment to read that it is entered in accordance with the court's order docketed on September 16, 2025.  Plaintiff maintains that the other purported mistakes of not including specific details discussed in the order in the entry of judgment itself will "preclude use of the judgment in any enforcement proceedings[.]" (Doc. No. 24-1 at 2.)  The court is highly skeptical of this claim and does not believe it is at all necessary to grant that requested relief but, out of an extreme abundance of caution, will grant plaintiff's request because it does not substantively alter the underlying decision which resulted in entry of judgment.  *See Wheelmaxx Inc. v. Mahal*, No. 1:22-cv-01506-KES-SKO, 2026 WL 1125789, at *1 (E.D. Cal. Apr. 24, 2026) (finding that relief which did not require a substantive change to the decision that resulted in entry of judgment was appropriate under Rule 60(a)).

For the reasons above, the court GRANTS plaintiff's motion to correct purported clerical mistake (Doc. No. 24).  The Clerk of the Court is DIRECTED to issue an amended judgment

2

which states that judgment is entered in favor of plaintiff Starr Indemnity & Liability Insurance Company and against defendant Ross Island Sand & Gravel Co. in the total amount of $1,049,077 in accordance with the court's order docketed on September 16, 2025.

IT IS SO ORDERED.

Dated:   **May 11, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE